UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| DAVID PAINTER ) | |
|     Plaintiff ) | |
| ) | |
| -vs- ) | CAUSE NO. 3:19-CV-00009-JPH-MPB |
| ) | |
| ANNA GRAY ) | |
|     Defendant ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT**

**Standard of Review**

For a Plaintiff's § 1983 claim to withstand summary judgment, the Plaintiff must show that (1) the conduct complained of was committed by a person acting under color of state law; and (2) whether the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or law of the United States. Armato v. Grounds, 766 F.3d 713, 719–20 (7th Cir. 2014). Evidence is viewed in the light most favorable to the non-moving party, but a Plaintiff must demonstrate that specific facts create a genuine issue for trial. Id.

For an abuse of process claim, it is not necessary for Plaintiff to show that the action was without probable cause, or that his conviction was overturned, or that the complained of action terminated in his favor. Estate of Mayer v. Lax, Inc., 998 N.E.2d 238, 256 (Ind. Ct. App. 2013).

1

**Statement of Disputed Facts**

A disputed material fact exists as to when the Court found probable cause and if the proper methods were used in the proceedings which resulted in the issuance of the arrest warrant for the Plaintiff.

The criminal charging information against Plaintiff was filed on January 12, 2017. (Dep. David Painter, Ex. 1). The charges stemmed from an incident which took place on December 27, 2016. (Dep. Jay Newton, Ex. 1) At the time the charges were filed, there was no accompanying probable cause affidavit ("PCA") filed on the record to support the crimes charged. (Dep. David Painter, Ex. 1). There was a PCA supporting the charged crimes that was written by Defendant and dated January 12, 2017. (Dep. Jay Newton, Ex. 1). However, the Court's record does not indicate that any PCA was filed on January 12, 2017. (Dep. David Painter, Ex. 1). Judge Mary Lloyd states in her signature issuing the arrest warrant that Anna Gray personally appeared before her and gave a sworn statement supporting the probable cause for the issuance of the warrant. (Dep. Jay Newton, Ex. 1).

Plaintiff was then arrested at his home on January 12, 2017. (Dep. David Painter, Ex. 2). The affidavit of probable cause written by Defendant and signed by Judge Lloyd was not filed with the Court until January 13, 2017. *Id*. The Court's determination of probable cause was on the same day that the PCA was filed, but after Plaintiff had already been arrested on the warrant and posted bond. *Id*.

Defendant was an Evansville Police Officer at the time of the arrest. (Dep. Anna Gray p. 4). She was the Crime Prevention Officer ("CPO") for the sector where Plaintiff lived. (Depo. Anna Gray p. 22). She attended the neighborhood association meetings. (Dep. Anna Gray p. 22-23). Defendant was asked by her chief to investigate a traffic incident in Plaintiff's neighborhood because there was "a big blow up on social media." (Depo. Anna

2

Gray p. 14). The police had previously made a run regarding the December 27, 2016 incident and did not take a report. *Id*.

Regarding the issuance of the warrant, Defendant stated in her deposition that she simply sent the video she had to the prosecutor's office and they called her back stating that they were going to issue a warrant. (Depo. Anna Gray p. 19). Defendant stated that she "called the prosecutor's office and submitted evidence." (Depo. Anna Gray p. 38) Defendant made no mention of personally appearing before Judge Lloyd to give a sworn statement, or preparing the charging information which she personally signed. (Dep. Jay Newton, Ex. 1).

In most misdemeanor cases, the prosecutor will generally request a summons unless there are extenuating circumstances. (Dep. Newton p. 7). While the state makes the decision on whether to issue a warrant or a summons, the deputy prosecutor bases this decision on input from the investigating officer. (Depo. of Jay Newton p. 6). The decision to request a warrant is based at least in part on whether an officer indicates there had been an ongoing problem or concern about potential future harm. *Id*.

**Argument**

There is no requirement of probable cause to file charges against an individual. *Scott v. State*, 404 N.E.2d 1190, 1193 (Ind. Ct. App. 1980). However, where the charged information is the basis for an arrest warrant, a demonstration of probable cause is required under the 14th amendment. Id.  The seizure and arrest of a person is a serious restriction of liberty, which should be given the utmost scrutiny. As Indiana Courts have previously held in interpreting older arrest warrant statutes:

3

> "As hereinbefore noted, the restraint upon individual liberty occasioned by arrest is a drastic means for protection of the public interest. Where less drastic means will effectively serve the public interest an arrest is necessarily unreasonable." *J.E.G. v. C.J.E.*, 172 Ind. App. 515, 519, 360 N.E.2d 1030, 1034 (1977).

An arrest warrant must be supported by probable cause. Ind. Code § 35-33-5-1. The Court shall not issue without an affidavit supporting probable cause being filed with the Court. Ind. Code § 35-33-5-2. If no affidavit is filed with the Court, the Judge may still issue a warrant so long as the statutory safeguards described in Ind. Code § 35-33-5-8 are followed regarding testimony and transcriptions. A mere allegation, without more, does not support the issuance of an arrest warrant. Kinnaird v. State, 251 Ind. 506, 516, 242 N.E.2d 500, 506 (1968).

While Indiana recognizes the "substantial compliance" doctrine for determining whether the statutory filings procedures were followed. *State v. Ryder*, 148 N.E.3d 306, 315 (Ind. 2020). The primary objective of Indiana's statutory filing requirement is to ensure the defendant is provided prompt access to a complete and accurate record of sworn testimony considered by the Judge issuing the warrant. *Ryder*, 148 N.E.3d at 316 (Ind. 2020). When determining whether the substantial compliance doctrine applies, the length of delay in filing is of primary concern. *Id*. While it has been previously held that a one-day delay in filing the affidavit with the clerk is substantial compliance, the Court is careful to note that "Not every warrant application filed up to a day late is inevitably in substantial compliance with the filing requirement" *Id*. at 317. The intent of this requirement is to ensure that both the State and the judges can promptly be held accountable when warrants are issued based on

questionable legal or factual bases. *Id*. at 316. *See, e.g.*, *Heuring v. State,* 140 N.E.3d 270, 272 (Ind. 2020).

Defendant cites Restatement (Second) of Torts § 682, cmt. A (1977) stating:
> "The gravamen of misconduct...is not the wrongful procurement of legal process or the wrongful initiation of criminal or civil proceedings; it is the misuse of process, no matter how properly obtained, for any purpose other than that which it was designed to accomplish."

Defendant is a suitable party for Plaintiff's Abuse of Process claim because a genuine issue exists as to how the warrant was obtained and the purpose it served. It is undisputed that Defendant is an Evansville police officer. Defendant's statements at her deposition indicates that she simply submitted her evidence to the prosecutor's office and that they are the ones who filed the charges and affidavit causing warrant to issue. However, both the charging information and the PCA bear Defendant's signature. The PCA is signed by Judge Mary Lloyd with an indication that Defendant appeared before her personally to give the sworn testimony supporting the issuance of the warrant. The warrant was served personally by the Defendant along with other officers on the same day it was issued. (Depo. Anna Gray p. 25). While the warrant was served on the same day it was issued, the affidavit establishing probable cause for the arrest was not filed with the Court until after the Plaintiff had already been arrested and posted bond. The Plaintiff therefore had no prompt access to the complete and accurate record as to the information relied on by the Judge in issuing the warrant.

Furthermore, the evidence Defendant submitted was based on events that occurred on December 27, 2016. Defendant argues that "Detective Gray's role ceased once Plaintiff was

arrested." (Defendant's Brief p. 6) to support her argument that she is not a proper party to this case. The issuance of the arrest warrant and the purpose for which the warrant was sought is precisely the issue at hand. While she made no outright statements regarding embarrassing, harassing, or humiliating the Plaintiff, her actions after the case was filed heavily imply that she was giving the Plaintiff special attention and using her power as a police officer to ensure that Plaintiff did suffer further embarrassment and humiliation. This was not done to further any interest in investigating the obstruction of traffic charge from December 27, 2016 nor was it done to prevent further harm to the community. One could reasonably conclude that Defendant took this action because the Evansville police were concerned about their image on social media. Defendant is an Evansville police officer and the crime prevention officer for the sector which Plaintiff lived. She attended neighborhood association meetings for Plaintiff's neighborhood. Her superior had asked her to investigate the situation because of the negative attention the police were getting on social media. As a result of the social media backlash, Defendant obtained evidence relating to an incident occurring on December 27, 2016 and used that in conjunction with her authority as a law enforcement official to file charges based on that information. Defendant managed to file the charges personally signed by her on the record on January 12, 2017, but somehow did not manage to file her probable cause affidavit on the record until Plaintiff had already been arrested.

As such, a reasonable factfinder could conclude that Defendant had ulterior motives regarding pursuing an investigation against Plaintiff. The Police Department received backlash on social media regarding the quality of the investigation. Therefore, the Defendant was instructed to essentially re-investigate a *previously reported* incident where the police took *no action*. That incident, which was of no interest to the police or the prosecutor on

6

December 27, 2016, suddenly became serious enough to not only file charges, but also request an arrest warrant to issue for the Plaintiff on January 12, 2017. Instead of following the normal course of procedure in issuing a summons, a reasonable trier of fact could infer that she used her position as a law enforcement official to influence the prosecutor and Judge to issue an arrest warrant instead of the usual summons for an ulterior motive.

A reasonable trier of fact could also rightly conclude that the Defendant violated the Plaintiff's constitutional rights in using her position to deprive him of his liberty. Plaintiff had no notice or opportunity to review the affidavit of probable cause prior to being arrested in his home for events that, a few weeks earlier, the police had previously investigated and filed no charges on. It is only after the police receive backlash on the internet that a second investigation is initiated by the Defendant resulting in the arrest warrant.

"Where less drastic means will effectively serve the public interest an arrest is necessarily unreasonable." J.E.G.,360 N.E.2d at 1034 (1977). While this case is interpreting older statutes in Indiana, the principal remains the same. Here there are events that take place on December 27, 2016. The police are called. They make no report and file no charges. Someone involved with the incident later complains on social media. Those complaints begin to gain traction. The Defendant is asked to re-investigate this matter because of the social media backlash. This ultimately results in criminal charges and an arrest warrant being issued weeks after the alleged incident. Furthermore, the probable cause affidavit is not filed with the Court until after the Plaintiff had already been arrested and posted bond. The record does not indicate whether the statutory procedures for issuing a warrant on oral testimony were followed.

While the Defendant lacks the authority to issue the warrant herself, it remains a genuine issue as to whether used her position to influence the decisions of those that do have authority. A reasonable fact finder may conclude that she used that influence to further her, and the police department's, ulterior motive in repairing the perceived impact on the department's reputation on social media. One could also conclude Defendant leveraged her influence to cause the warrant to issue in order to demonstrate to the people who complained on social media that the police were taking decisive action. Further, the fact finder could also conclude that Plaintiff suffered humiliation and embarrassment as a result of being used as a scapegoat in the Defendant and her employer's attempt at repairing their public image on the internet.

        Respectfully Submitted,

        /s/Michael C. Keating
        Michael C. Keating, Attorney #5100-82
        Law Offices of Steven K. Deig, LLC
        5615 E. Virginia Street
        Evansville, IN 47715
        Telephone: (812) 477-5577
        Facsimile: (812) 477-7220
        E-Mail: michael@deiglaw.com
        Attorney for David Painter

        /s/Andrew C. Carroll
        Andrew C. Carroll, Attorney #31923-64
        Law Offices of Steven K. Deig, LLC
        5615 E. Virginia Street
        Evansville, IN 47715
        Telephone: (812) 477-5577
        Facsimile: (812) 477-7220
        E-Mail: andrew@deiglaw.com
        Attorney for David Painter

## CERTIFICATE OF SERVICE

  I certify that on the 14th day of December, 2020, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

  Keith W. Vonderahe #21908-82
  ZIEMER STAYMAN WEITZEL & SHOULDERS, LLP
  20 NW First Street, 9th Floor
  P. O. Box 916
  Evansville, IN 47706
  E-mail: kvonderahe@zsws.com

                s/ Michael C. Keating
                Michael C. Keating