UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| DAVID PAINTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:19-cv-00009-JPH-MPB |
| ) | |
| ANNA GRAY, ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

David Painter alleges that Evansville Police Officer Anna Gray unlawfully caused a warrant to be issued for his arrest. Dkt. 16 at 1–2. More specifically, that Officer Gray abused process in violation of the Fourteenth Amendment when she sought a warrant to arrest Mr. Painter on criminal charges that had been filed against him. Officer Gray has filed a motion for summary judgment. Dkt. [48]. For the reasons that follow, that motion is **GRANTED.**

# I.
# Facts and Background

Because Officer Gray moved for summary judgment under Rule 56(a), the Court views and recites the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted).

This lawsuit stems from Mr. Painter's arrest and subsequent conviction on two misdemeanor counts of Obstructing Traffic. Dkt. 50-1 at 3 (Painter

1

Dep. at 5–7). On multiple occasions in December 2016, Mr. Painter blocked his neighbor's driveway with his vehicle. Dkt. 50-3 at 3, 6, 8 (Gray Dep. at 7–8, 17–20); dkt. 50-2 at 11–12 (Newton Dep. Ex. 1). Although an Evansville Police officer responded to at least one of these incidents, neither an arrest nor an incident report was made at the time. Dkt. 50-3 at 5 (Gray Dep. at 14).

A video recording of Mr. Painter's conduct was posted online and apparently went viral. *Id.* at 5, 9 (Gray Dep. at 14, 29). Consequently, Defendant Anna Gray, a fifteen-year veteran of the Evansville Police Department, was instructed by her supervising officer to investigate. *Id.* at 2, 5–6 (Gray Dep. at 4, 14–18). Officer Gray was selected for this task because she is the Crime Prevention Officer for the part of Evansville where Mr. Painter lived and because she was familiar with Mr. Painter's dispute with his neighbor. *Id.* at 5, 7 (Gray Dep. at 14–16, 22). Officer Gray called the victim, who submitted a video of Mr. Painter's conduct. *Id.* (Gray Dep. at 14–15).

Officer Gray then called the deputy prosecutor about the case, submitted the video evidence, and left the charging decision up to the prosecutor's office. Dkt. 50-3 at 5–6, 11 (Gray Dep. at 14–15, 18–19, 38). When asked why Mr. Painter's case "deserved any kind of priority versus [an] average traffic ticket," Officer Gray responded that "it wasn't just one incident, [] there had been multiple complaints of it, it was an ongoing issue and [she] had two incidents on video." *Id.* at 6 (Gray Dep. at 17–18).

The Vanderburgh County Prosecutor's Office ("VCPO") made the decision to charge Mr. Painter, *id.* at 11 (Gray Dep. at 38); dkt. 50-2 at 4 (Newton Dep.

2

at 11), and to obtain a warrant for his arrest, dkt. 50-2 at 3 (Newton Dep. at 5–6). The VCPO also prepared the charging document and filed it with the Clerk's office on January 12, 2017. Dkt. 50-2 at 9–10 (Newton dep. Ex. 1). In support, the VCPO submitted a Probable Cause Affidavit (PCA) signed by Officer Gray and an arrest warrant executed by Judge Mary Lloyd. Dkt. 50-2 at 9–13 (Newton Dep. Ex. 1).

In Vanderburgh County, defendants charged with misdemeanor offenses are typically served by mail with a summons to appear in court. Dkt. 50-2 at 2–3 (Newton Dep. at 4–5). But the VCPO sometimes seeks a warrant for the defendant's arrest if "extenuating circumstances" are present. *Id.* While the VCPO has sole authority to decide whether to seek an arrest warrant or have a summons issued, it considers input from the investigating officer in making the decision. *Id.* (Newton Dep. at 4–6).

On January 12, 2017, officers from the Evansville Police Department, including Officer Gray, executed the arrest warrant at Mr. Painter's home and took Mr. Painter into custody. Dkt. 50-1 at 4 (Painter Dep. at 12); Dkt. 50-3 at 8 (Gray Dep. at 25). Mr. Painter was held in the Vanderburgh County Jail until his wife posted bond later that night. Dkt. 50-1 at 5 (Painter Dep. at 13). He was later convicted at a bench trial on two misdemeanor counts of Obstructing Traffic. *Id.* at 5 (Painter Dep. at 14); dkt. 50-2 at 9–10 (Newton Dep. Ex. 1).

Mr. Painter filed this lawsuit against Officer Gray under 42 U.S.C. § 1983, alleging that her role in obtaining a warrant for his arrest was an abuse of process in violation of his Fourteenth Amendment right to due process. Dkt.

16 ¶¶ 1, 10. Mr. Painter alleges that Officer Gray was responsible, in part, for the VCPO's decision to have him arrested, rather than served with a summons, and that Officer Gray did so with the intent to embarrass and intimidate him. *Id.* ¶ 11. Mr. Painter seeks damages for suffering and humiliation that he allegedly experienced because of Officer Gray's actions. *Id.* ¶¶ 11–13. Officer Gray has filed a motion for summary judgment. Dkt. 48.

## II.
## Applicable Law

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must inform the court "of the basis for its motion" and specify evidence demonstrating "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the nonmoving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324.

In ruling on a motion for summary judgment, the Court views the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante*, 555 F.3d at 584 (citation omitted).

# III.
# Analysis

## A. Abuse of Process

Officer Gray has moved for summary judgment on Mr. Painter's Fourteenth Amendment abuse-of-process claim. Dkt. 55. "Assuming abuse of process is cognizable under § 1983, [courts] look to state law to determine the elements of the claim."[1] *Hart v. Mannina*, 798 F.3d 578, 593 (7th Cir. 2015). "In Indiana, the elements of abuse of process are '(1) an ulterior purpose, and (2) a willful act in the use of the process not proper in the regular conduct of the proceeding.'" *Id.* (quoting *Lindsay v. Jenkins*, 574 N.E.2d 324, 326 (Ind. App. 1991)). "An abuse of process action 'requires a finding of misuse or misapplication of process for an end other than that which it was designed to accomplish. The purpose for which the process is used is the only thing of importance.'" *National City Bank, Indiana v. Shortridge*, 698 N.E.2d 1248, 1252 (Ind. 1997) (quoting *Display Fixtures Co. v. R.L. Hatcher, Inc.*, 438 N.E.2d 26, 31 (Ind. Ct. App. 1982)).

Officer Gray argues that there is no triable issue of fact because Mr. Painter has not designated evidence from which a jury could find that Officer Gray harbored "ill motivations or purposes." Dkt. 49 at 6. She argues that her role ceased once Mr. Painter was arrested, and that the prosecutor's office

---

[1] The Seventh Circuit has expressed skepticism about whether abuse of process is cognizable as a § 1983 claim. *Hart v. Mannina*, 798 F.3d 578, 593–94 (7th Cir. 2015) (stating that "[w]e have questions about the constitutional foundation for" plaintiff's abuse of process claim under § 1983). Here, the Court assumes without deciding that a claim for abuse of process may be brought under § 1983.

controlled Mr. Painter's prosecution.  *Id.*  Mr. Painter responds that "the issuance of the arrest warrant and the purpose for which the warrant was sought" occurred prior to Mr. Painter's arrest and are "precisely the issue at hand."  Dkt. 55 at 6.  In support, he argues that Officer Gray's "actions after the case was filed heavily imply that she was giving the Plaintiff special attention and using her power as a police officer to ensure that Plaintiff suffered further embarrassment and humiliation."  *Id.*  Therefore, "a reasonable factfinder could conclude that [Officer Gray] had ulterior motives [for] pursuing an investigation against" him.  Dkt. 55 at 6.

The designated evidence, however, shows that Officer Gray initiated the investigation at the direction of her supervising officer.  Dkt. 50-3 at 5 (Gray Dep. at 14).  Indeed, Mr. Painter acknowledges that "the Defendant was instructed" to investigate the matter after "[t]he Police Department received backlash on social media."  Dkt. 55 at 6.  It's therefore undisputed that Officer Gray initiated the investigation for a legitimate purpose, that is, the orders of her superior.  To the extent that Mr. Painter argues an improper motive can be inferred from the supervising officer's decision to reopen the case in response to social media criticism, that inference cannot be attributed to Officer Gray.

The designated evidence shows that the VCPO had the sole discretion to decide whether to file charges and whether to seek an arrest warrant instead of a summons.  Dkt. 50-2 at 2–4 (Newton Dep. at 4–5, 11); dkt. 50-3 at 11 (Gray Dep. at 38).  Mr. Painter designates no evidence to support his contention that "a reasonable trier of fact could infer that [Officer Gray] used her position . . . to

6

influence the prosecutor and Judge to issue an arrest warrant instead of the usual summons." *See generally* dkt. 55 at 6–7.

In short, the designated evidence shows that Officer Gray's conduct was performed in the context of a legitimate investigation. The conduct Mr. Painter complains of—the decision to reopen an investigation into his crimes and to issue an arrest warrant—was performed by individuals other than Officer Gray, and she therefore cannot be held liable for it. *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015) ("It is well established that for constitutional violations under § 1983 . . . a government official is only liable for his or her own misconduct."). Mr. Painter has designated no evidence from which a reasonable jury could find that Officer Gray misused or misapplied the legal "process for an end other than that which it was designed to accomplish." *National City Bank*, 698 N.E.2d at 1252 (citations omitted).

A factual dispute regarding when the court found probable cause and whether Officer Gray personally appeared or submitted an affidavit in support of probable cause does not create a triable issue of fact. Dkt. 55 at 2, 5. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."); *Watson v. Auto Advisors, Inc.*, 822 N.E.2d 1017, 1029 (Ind. Ct. App. 2005) ("A party may not be held liable for abuse of process if the legal process has been used to accomplish an outcome which the process was designed to accomplish."). Either way, Officer Gray complied with Indiana law. *State v. Ryder*, 148 N.E.3d 306, 313 (Ind.

7

2020) (explaining "that providing a copy of an affidavit to the warrant-issuing judge satisfies the plain language of" the statute setting out warrant requirements); *see* I.C. § 35-33-5-2(a).

### B. Due Process

Officer Gray argues that to the extent that Mr. Painter asserted an independent claim for denial of due process under the 14th Amendment, she is entitled to summary judgment on that claim as well. *see* dkt. 49 at 7. Mr. Painter's response does not address this argument, so any such claim has been abandoned. *Maclin v. SBC Ameritech*, 520 F.3d 781, 788 (7th Cir. 2008).

\*   \*   \*

In sum, Officer Gray's motion for summary judgment required Mr. Painter to "put his evidentiary cards on the table." *Sommerfield v. City of Chicago*, 863 F.3d 645, 649 (7th Cir. 2017) ("Summary judgment is not a time to be coy."). Mr. Painter did not designate evidence from which a reasonable jury could find in his favor. Instead, he asks the Court to make inferences based on his speculation about the underlying motivation of actors other than Officer Gray to reach a conclusion that is unsupported by the designated evidence. *See* dkt. 55 at 5–6. That "[s]peculation is no substitute for evidence at the summary judgment stage." *Bass v. Joliet Public Sch. Dist. No. 86*, 746 F.3d 835, 841 (7th Cir. 2014). There are no material disputed facts and Officer Gray is entitled to judgment as a matter of law.

## IV.
## Conclusion

Officer Gray's motion for summary judgment is **GRANTED**.  Dkt. [48].

Final judgment will issue in a separate entry.

**SO ORDERED.**

Date: 2/2/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Andrew C. Carroll
LAW OFFICES OF STEVEN K. DEIG, LLC
andrew@deiglaw.com

Michael C. Keating
LAW OFFICES OF STEVEN K. DEIG, LLC
michael@deiglaw.com

Keith W. Vonderahe
ZIEMER STAYMAN WEITZEL & SHOULDERS
kvonderahe@zsws.com